**IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION**

**WILLIAM R. MULDROW,**

    **Plaintiff,**

**vs.**                                        **Case No. 4:15cv207-MW/CAS**

**CAPITAL ONE SERVICES, LLC,**

    **Defendant.**

_____/

## REPORT AND RECOMMENDATION

Before the Court is a motion to dismiss filed by Capital One Bank[1] [hereinafter "Capital One"], ECF No. 16.  William R. Muldrow is the only remaining Plaintiff and Capital One is the only remaining Defendant.  ECF No. 27.  Mr. Muldrow brought this case under the Fair Credit Reporting Act, alleging Capital One provided information to Mr. Muldrow's "potential creditors" that should not have been included in his "credit file, report or history."  ECF No. 1 at 2.  Mr. Muldrow learned of the incorrect information when he sought to refinance his mortgage with the Tallahassee State Bank

---

[1] Although Defendant's name was listed in the complaint as Capital One Services, LLC, Defendant clarifies that the proper name is Capital One Bank.  ECF No. 16 at 1.

in January 2015.  *Id.* at 3.  Between February 2, 2015, and April 11, 2015, Mr. Muldrow made multiple requests to have the inaccurate information removed and to "update his credit scores accordingly."  *Id.*  As this claim pertains to Capital One, he alleges that an account belonging to Blue Chip Construction Company and for which he "is an authorised user for corporation purchases," was calculated in his "ability to meet monthly obligations and overall personal indebtedness and credit scores."  *Id.*  Mr. Muldrow contends that account should not included on his personal credit report but Capital One has maintained "that it had the right to report the business account" on his personal account.  *Id.* at 4.  He claims that Capital One "violated the Fair Credit Reporting Act by failing promptly, to investigate" his "credit dispute and correct the information" that has been misreported to credit reporting agencies such as Experian and Equifax.  *Id.* at 4-5.  He also claims Capital One has been negligent "in failing to delete [the] Blue Chip Construction account from" Mr. Muldrow's "personal credit file and score."  *Id.* at 5.  He seeks compensatory and punitive damages as well as costs in bringing this action.  *Id.* at 6.

**Standard of Review**

The issue on whether a complaint should be dismissed pursuant to Fed.R.Civ.P. 12(b)(6) for failing to state a claim upon which relief can be

granted is whether the plaintiff has alleged enough plausible facts to support the claim stated.  Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007) (retiring the standard from Conley v. Gibson, 355 U.S. 41, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957).  "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949, 173 L.Ed. 2d 868 (2009) (quoting Twombly, 550 U.S. at 570, 127 S.Ct. 1955).[2]  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  Iqbal, 556 U.S. at 677 (citing Twombly, 550 U.S. at 556); *see also* Speaker v. U.S. Dep't of Health, 623 F.3d 1371, 1380 (11th Cir. 2010).

    The pleading standard is not heightened, but flexible, in line with Rule 8's command to simply give fair notice to the defendant of the plaintiff's claim and the grounds upon which it rests.  Swierkiewicz v. Sorema, 534 U.S. 506, 122 S.Ct. 992, 998, 152 L.Ed.2d 1 (2002) ("Rule 8(a)'s simplified pleading standard applies to all civil actions, with limited exceptions.").  Pro

---

[2] The complaint's allegations must be accepted as true when ruling on a motion to dismiss, Oladeinde v. City of Birmingham, 963 F.2d 1481, 1485 (11th Cir. 1992), *cert. denied*, 113 S. Ct. 1586 (1993), and dismissal is not permissible because of "a judge's disbelief of a complaint's factual allegations." Twombly, 127 S.Ct. at 1965, (quoting Neitzke v. Williams, 490 U.S. 319, 327, 109 S.Ct. 1827, 104 L.Ed.2d 338 (1989)).

se complaints are held to less stringent standards than those drafted by an attorney.  Wright v. Newsome, 795 F.2d 964, 967 (11th Cir. 1986) (citing Haines v. Kerner, 404 U.S. 519, 520-521, 92 S.Ct. 594, 596, 30 L.Ed.2d 652 (1972)).  Nevertheless, a complaint must provide sufficient notice of the claim and the grounds on which it rests so a "largely groundless claim" does not proceed through discovery and "take up the time of a number of other people . . . ."  Dura Pharmaceuticals, Inc. v. Broudo, 544 U.S. 336, 125 S.Ct. 1627, 161 L.Ed.2d 577 (2005) (quoted in Twombly, 550 U.S. at 558).

**Motion to Dismiss, ECF No. 16**

Capital One's motion to dismiss, filed pursuant to Rule 12(b)(6), argues that dismissal is appropriate for two reasons.  First, it is presumed that Mr. Muldrow's claim is based on an alleged violation of 15 U.S.C. § 1681s-2 of the Fair Credit Reporting Act [hereinafter FCRA].  ECF No. 16 at 2.  Capital One argues there is no private right of action under that specific statute, § 1681s-2.  *Id.* at 2, 3.  Second, Capital One contends that the complaint does not allege the necessary facts "to satisfy the conditions precedent to support a claim under § 1681s-2(b) of the FCRA."  *Id.*

**Mr. Muldrow's Response, ECF No. 18**

Mr. Muldrow disputes that the statute does not impose civil liability for violations of a duty under the FCRA. ECF No. 18 at 2. Nevertheless, Mr. Muldrow also contends in his opposition to the motion to dismiss that after he reviewed his credit report in the course of seeking to refinance his mortgage, he notified TransUnion, Equifax, and Experian (Consumer Reporting Agencies [hereinafter CRA]), as well as Capital One, of inaccuracies listed in the report. *Id.* at 4. He now states that Experian "timely notified Capital One of the inaccuracy but Capital One willfully and negligently and with malicious intent failed to delete the unauthorized account from" his credit report. *Id.* at 4-5. Mr. Muldrow advises that he received correspondence from Capital One dated January 29, 2015, stating "the information the credit bureau sent to us may not have contained everything needed for us to fully understand the reason for your dispute." *Id.* at 5. Mr. Muldrow responded to Capital One's letter but on February 18, 2015, Capital One advised "that it would continue to report the Blue Chip Construction Company's account on [Mr. Muldrow's] personal consumer credit report . . ." *Id.* He argues that "Capital One has demonstrated a deliberate, willful act of noncompliance of the FCRA and a total disregard for Plaintiff's rights protected under the Act." *Id.* at 6. He maintains that

reporting an account "which clearly does not belong to him, and after having been notified by the credit bureaus of the disputed entry" is malicious and willful.  *Id.*

**Analysis**

There is no dispute that Capital One provides credit information to CRAs.  The FCRA "refers to companies that furnish credit information to consumer-reporting agencies as 'furnishers.'"  <u>Carruthers v. Am. Honda Fin. Corp.</u>, 717 F. Supp. 2d 1251, 1253 (N.D. Fla. 2010).  Capital One is a "funisher" and FCRA imposes a duty on furnishers "to submit accurate information to CRAs."  <u>Green v. RBS Nat. Bank</u>, 288 F. App'x 641, 642 (11th Cir. 2008) (citing 15 U.S.C. § 1681s-2(a).  In addition, "§ 1681s–2(b) requires furnishers to investigate and respond promptly to notices of customer disputes."  <u>Ware v. Bank of Am. Corp.</u>, 9 F. Supp. 3d 1329, 1337 (N.D. Ga. 2014).  A "furnisher" who is given notice "of a dispute with regard to the completeness or accuracy of any information provided by a person to a consumer reporting agency," has a duty under the FCRA to:

>    (A) conduct an investigation with respect to the disputed information;
>
>    (B) review all relevant information provided by the consumer reporting agency pursuant to section 1681i(a)(2) of this title;
>
>    (C) report the results of the investigation to the consumer reporting agency;

15 U.S.C. § 1681s-2(b)(1).  If "the investigation finds that the information is incomplete or inaccurate," the furnisher must "report those results to all other consumer reporting agencies to which the person furnished the information and that compile and maintain files on consumers on a nationwide basis . . . ."  15 U.S.C. § 1681s-2(b)(1)(D).  In addition, "if an item of information disputed by a consumer is found to be inaccurate or incomplete or cannot be verified after any reinvestigation under paragraph (1), for purposes of reporting to a consumer reporting agency only," the furnisher shall "promptly (i) modify that item of information; (ii) delete that item of information; or (iii) permanently block the reporting of that item of information."  15 U.S.C.A. § 1681s-2(b)(1)(E).

"Although § 1681s–2(a) requires furnishers to submit accurate information to CRAs, the FCRA does not provide a private right of action to redress such a violation."  Ware, 9 F. Supp. 3d at 1338 (citing Steed v. EverHome Mortg. Co., 308 F. App'x 364, 369–70 (11th Cir. 2009); Peart v. Shippie, 345 F. App'x 384, 386 (11th Cir. 2009).  "Only 'federal agencies, federal officials, and state officials' may enforce this provision."  Ware, 9 F. Supp. 3d at 1338 (citing Green, 288 F.App'x at 642 n.2 (citing 15 U.S.C. §§ 1681s–2(c), (d); 15 U.S.C. § 1681s(c)(1)(B))).  FCRA provides consumers

with a private right of action for a violation of § 1681s–2(b),[3] but only if the furnisher received notice of the consumer's dispute from a CRA." Green, 288 F.App'x at 642 (cited in Ware, 9 F. Supp. 3d at 1338); *see also* Carruthers, 717 F. Supp. 2d at 1253 (noting that "only certain state and federal officials may enforce the subsection."). Capital One's motion to dismiss should be granted because Mr. Muldrow did not allege in the complaint, ECF No. 1, that Capital One received notice of his dispute from a CRA. The complaint alleged only that Mr. Muldrow notified Capital One of the disputed credit report.

Notwithstanding, Mr. Muldrow's response in opposition to the motion to dismiss has altered the facts which were alleged in the complaint. ECF No. 18. In that response, he alleges that Capital One was notified of the dispute by a CRA. Mr. Muldrow should be provided an opportunity to submit an amended complaint which clearly states his claim as revised, and which presents a basis for a claim against Capital One.[4]

---

[3] Section 1681s–2(b) imposes duties on furnishers to investigate disputed information and report the results of any such investigation to the CRA, but the furnisher's duties under the statute are not triggered "until after a furnisher receives notice from a CRA of a consumer's dispute with regard to the completeness or accuracy of the information in a consumer's credit report." Ware, 9 F. Supp. 3d at 1338 (citing Sampson v. Washington Mut. Bank, 453 F. App'x 863, 867–68 (11th Cir. 2011)).

[4] To be clear, a furnisher "is only liable under this provision if it fails to follow reasonable procedures to ensure the accuracy of a credit report—it is not strictly liable simply because a credit report is inaccurate." Peart, 345 F. App'x at 386.

## RECOMMENDATION

In light of the foregoing, it is respectfully **RECOMMENDED** that Capital One's motion to dismiss, ECF No. 16, be **GRANTED** but that Mr. Muldrow be permitted to submit an amended complaint against Capital One in which he alleges his claim under the Fair Credit Reporting Act. It is further **RECOMMENDED** that this case be remanded for further proceedings.

**IN CHAMBERS** at Tallahassee, Florida, on December 17, 2015.

    s/ Charles A. Stampelos
**CHARLES A. STAMPELOS**
**UNITED STATES MAGISTRATE JUDGE**

## NOTICE TO THE PARTIES

A party may file specific, written objections to the proposed findings and recommendations within 14 days after being served with a copy of this report and recommendation. A party may respond to another party's objections within 14 days after being served with a copy thereof. Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.

Case No. 4:15cv207-MW/CAS